AT-138, EJ-125

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| STEVEN C. PECK  SBN 097343<br>LAW OFFICES OF STEVEN C. PECK<br>6454 VAN NUYS BOULEVARD, # 150<br>VAN NUYS, CALIFORNIA  91401-1407<br>TELEPHONE NO.: 818-756-2022   FAX NO.: 818-908-1158<br>ATTORNEY FOR *(Name)*: PLAINTIFF MARK CLAYBORNE | FILED<br>CLERK, U.S. DISTRICT COURT<br>FEB 14 2008<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY          DEPUTY |
| NAME OF COURT: UNITED STATES DISTRICT COURT<br>STREET ADDRESS: CENTRAL DISTRICT OF CALIFORNIA<br>MAILING ADDRESS: 312 NORTH SPRING STREET<br>CITY AND ZIP CODE: LOS ANGELES, CALIFORNIA  90012<br>BRANCH NAME: | LODGED<br>CLERK, U.S. DISTRICT COURT<br>FEB 8 2008<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY          DEPUTY |
| PLAINTIFF: CLAYBORNE ENTERTAINMENT, INC. | |
| DEFENDANT: YORK PICTURES, INC. | |
| **APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**<br>[✓] **ENFORCEMENT OF JUDGMENT**  [ ] **ATTACHMENT (Third Person)**<br>   [✓] Judgment Debtor    [ ] Third Person | CASE NUMBER:<br>CV-03-5926 FMC (SHSx) |

### ORDER TO APPEAR FOR EXAMINATION

1. TO *(name)*: YORK PICTURES, INC. BY AND THROUGH TANYA YORK PRESIDENT, OFFICER & DIRECTOR
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [✓] furnish information to aid in enforcement of a money judgment against you.
   b. [✓] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

   Date: 3/11/08   Time: 10:00 A.M.   Dept. or Div.:   Rm.: Courtroom 23
   Address of court [ ] shown above [ ] is:

3. This order may be served by a sheriff, marshal, registered process server, or the following specially appointed person *(name)*:

   Date: 2/14/08                        _____ U.S. MAGISTRATE JUDGE OR REFEREE

   **This order must be served not less than 10 days before the date set for the examination.**
   **IMPORTANT NOTICES ON REVERSE**

### APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION

4. [✓] Judgment creditor  [ ] Assignee of record  [ ] Plaintiff who has a right to attach order
   applies for an order requiring *(name)*:  YORK PICTURES, INC. / TANYA YORK   to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. [✓] the judgment debtor.
   b. [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is **not** the court in which the money judgment is entered or *(attachment only)* the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: FEBRUARY 6, 2008

STEVEN C. PECK                                                     _____
(TYPE OR PRINT NAME)                                               (SIGNATURE OF DECLARANT)

(Continued on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
AT-138, EJ-125 [Rev. July 1, 2000]

**APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**
(Attachment—Enforcement of Judgment)

Code of Civil Procedure,
§§ 491.110, 708.110, 708.120

www.accesslaw.com

### APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

### APPEARANCE OF A THIRD PERSON
### (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.

**(2) NOTICE TO JUDGMENT DEBTOR** The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows *(Describe the property or debt using typewritten capital letters)*:

If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.

### APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED** If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.

### APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.

**Attachment to Application and Order for Appearance and Examination**

*Clayborne Entertainment, Inc. et al. v. York Pictures, Inc.*
USDC Case No.: 03-5926 FMC (SHSx)

## DEFINITIONS

A. "COMMUNICATIONS" as used herein shall mean and include any and all direct or indirect transmissions of information by any means, written, oral, electronically, magnetically or otherwise, including, but not limited to e-mail, instant messages, letters, memorandum, notes or other written, typewritten, printed or reproduced materials.

B. "DEBT" as used herein shall mean any debts, invoices, obligations, fees, monies, property or payments of any kind that are owed.

C. "YOU" or "YOUR" shall mean and include York Pictures, Inc. dba York Entertainment, and its past and present directors, officers, shareholders, managers, parent companies, subsidiaries, partners, members, agents, representatives, independent contractors, employees, consultants, accountants, attorneys, assignees, predecessors, successors, and others acting or purporting to act or who formerly acted in behalf of York Pictures, Inc. dba York Entertainment.

D. "THE YORK ENTITIES" shall mean and refer individually or collectively to Tanya York, an individual, York International, Inc., Loose Cannon Films, LLC, Urban Girl Films, York Urban, York Horror and York Latino and their past and present directors, officers, shareholders, managers, parent companies, subsidiaries, partners, members, agents, representatives, independent contractors, employees, consultants, accountants, attorneys, assignees, predecessors, successors, and others acting or purporting to act or who formerly acted on their behalf.

E. "THE BANKS" shall mean and include City National Bank and NationalCity, and their past and present, accountants, attorneys, directors, employees, managers, members, officers, parents, partners, subsidiaries, successors and other acting or purporting to act or who formerly acted in behalf of either City National Bank and NationalCity.

F. "INSOLVENCY SERVICES, INC." shall mean and include The Insolvency Services Group, Inc., located at 17401 Ventura Boulevard, Suite B-21, Encino, California 91316 and its past and present directors, officers, shareholders, managers, parent companies, subsidiaries, partners, members, agents, representatives, independent contractors, employees, consultants, accountants, attorneys, assignees, predecessors, successors, and others acting or purporting to act or who formerly acted in behalf of The Insolvency Services Group, Inc.

G. "WEINBERG" shall mean and include Joel B. Weinberg and his agents, representatives, independent contractors, employees, consultants, accountants, attorneys, assignees, predecessors, successors, and others acting or purporting to act or who formerly acted on his behalf.

H. "CLAYBORNE" shall mean and refer to Clayborne Entertainment, Inc., Mark Clayborne, and their past and present directors, officers, shareholders, managers, parent companies, subsidiaries, partners, members, agents, representatives, independent contractors, employees, consultants, accountants, attorneys, assignees, predecessors, successors, and others acting or purporting to act or who formerly acted in behalf of either Clayborne Entertainment, Inc. or Mark Clayborne.

I. "ASSIGNMENT" shall mean and refer to the General Assignment for Benefit of Creditors In the matter of York Pictures, Inc. A California Corporation dba York Entertainment, 4565 Sherman Oaks Avenue, Sherman Oaks, California 91403, No. 1025 between York Pictures, Inc. A California Corporation dba York Entertainment and Insolvency Services Group, Inc.

J. "ASSETS" shall mean and refer to any asset ever owned, possessed or controlled in whole or in part by York Pictures, Inc. dba York Entertainment, or its past and present directors, officers, shareholders, managers, parent companies, subsidiaries, partners, members, agents, representatives, independent contractors, employees, consultants, accountants, attorneys, assignees, predecessors, successors, and others acting or purporting to act or who formerly acted in behalf of York Pictures, Inc. dba York Entertainment, including but not limited to real estate, equipment, vehicles, personal property, general intangibles (including business goodwill, trademarks, copyrights, motion picture rights, television rights, including fee, pay, cable, satellite and pay-per-view rights, videodisc rights, videocassette rights, theatrical rights, non-theatrical rights, commercial and public video rights, merchandising rights, soundtrack, album or internet rights, licensing rights, sequel, remake and television 'series' rights), royalties, receivables, inventory, cash, funds, income, profits, and any other items which could have been liquidated for cash, including any assets sold or exchanged in connection with the General Assignment for the Benefit of Creditors (ASSIGNMENT).

K. "THE JUDGMENT" shall mean and refer to the July 13, 2005 Order Confirming Arbitrator's Award for Damages in Favor or Plaintiff Mark Clayborne and Entering Judgment Against York Pictures, Inc.

L. "DOCUMENT" or "DOCUMENTS" shall mean and refer to shall mean and refer to all writings, as that term is defined in Federal Rules of Evidence Rule 1001, and shall also specifically include the original and all copies of any written material, including by way of description and not limitation, the following items, whether written, printed, produced by hand, recorded, stored, or reproduced by any electrical or mechanical process:

    Agreements; contracts; communications; correspondence; memos; telegrams; telexes; memoranda; notebooks; computer floppy disks; computer software; computer programs; computer hard disks; summaries or records of telephone conversations; summaries or records of personal conversations and of interviews; diaries; minutes or records of meetings; minutes or records of conferences; lists of persons attending meetings or conferences; reports and/or summaries of investigations; opinions and/or reports of counsel; records and/or reports and/or summaries of negotiations; original or preliminary notes; marginal comments appearing on any documents; stenographic or stenotype notes; tapes and voice recordings; working papers; drafts; indexes; data processing cards; ledgers; journals; balance sheets; accounts; invoices; purchase orders; receipts; billings; files; films; trip tickets; expense vouchers; instructions; financial statements; proposals; business plans; purchase and sale agreements; e-mails; accounting records; financial records; computer printouts; corporate by laws; corporate minute books; and other message or writing.

M.  "PERSONS" or "INDIVIDUALS" shall refer to natural persons, corporations, partnerships, unincorporated associations, firm, trust, government entity or other legal entity.

N.  "RELATING TO" or "REGARDING" shall mean and refer directly or indirectly constituting, describing, mentioning, pertaining to, reflecting, referring to or supporting.

## REQUESTS TO PRODUCE

1. All bank statements, cancelled checks, deposit receipts, checkbooks, checkbook stubs, passbooks, certificates of deposit and wire transfers for all accounts (checking, savings, investment, or otherwise) held in YOUR name, or any other entity or natural person associated with YOU or in which YOU had or have an equitable or legal interest for the period including May, 2002 to the present.

2. All bank statements, cancelled checks, deposit receipts, checkbooks, checkbook stubs, and wire transfers for all accounts (checking, savings, investment, or otherwise) held in any of THE YORK ENTITIES name, or any other entity or natural person associated with any of THE YORK ENTITIES or in which any of THE YORK ENTITIES had or have an equitable or legal interest for the period including May, 2002 to the present.

3. All DOCUMENTS identifying YOUR ASSETS from May, 2002 to the present.

4. All DOCUMENTS identifying the ASSETS of any of THE YORK ENTITIES from May, 2002 to the present.

5. All DOCUMENTS identifying YOUR DEBTS from May, 2002 to the present.

6. All DOCUMENTS identifying the DEBTS of any of THE YORK ENTITIES from May, 2002 to the present.

7. All statements RELATING TO accounts held by YOU at THE BANKS from May, 2002 to the present.

8. All statements RELATING TO accounts held by any of THE YORK ENTITIES at THE BANKS from May, 2002 to the present.

9. All statements RELATING TO account number 24912167 with City National Bank.

10. All DOCUMENTS RELATING TO the November 3, 2004 deposit of $90,000.00 into account number 24912167 with City National Bank.

11. All DOCUMENTS RELATING TO Loose Cannon Films, Inc. check number 1030 of account number 24912167 with City National Bank.

12. All DOCUMENTS RELATING TO a NationalCity Convenience Check in the amount of $90,000.00 reference number 744892BNGD11ZAEXM dated on or about November 4, 2004.

13. All DOCUMENTS RELATING TO any transfer of ASSETS from YOU to any of THE YORK ENTITIES from May, 2002 to the present.

14. All DOCUMENTS RELATING TO any transfer of ASSETS from any of THE YORK ENTITIES to YOU from May, 2002 to the present.

15. All DOCUMENTS RELATING TO any COMMUNICATION RELATING TO negotiations of discussions leading up to the November 8, 2004 ASSIGNMENT.

16. All DOCUMENTS RELATING TO any COMMUNICATION between YOU or anyone acting on YOUR behalf and any of THE YORK ENTITIES RELATING TO the ASSIGNMENT.

17. All DOCUMENTS RELATING TO any COMMUNICATION between YOU or anyone acting on anyone on YOUR behalf and INSOLVENCY SERVICES, INC. RELATING TO the ASSIGNMENT.

18. All DOCUMENTS RELATING TO any COMMUNICATION between any of THE YORK ENTITIES or anyone on its behalf and INSOLVENCY SERVICES, INC. RELATING TO the ASSIGNMENT.

19. All DOCUMENTS RELATING TO any COMMUNICATION between YOU or on anyone acting on YOUR behalf and WEINBERG RELATING TO the ASSIGNMENT.

20. All DOCUMENTS RELATING TO any COMMUNICATION between any of THE YORK ENTITIES or on anyone on its behalf and WEINBERG RELATING TO the ASSIGNMENT.

21. All DOCUMENTS RELATING TO any COMMUNICATION between YOU or anyone acting on YOUR behalf and any of THE YORK ENTITIES RELATING TO the JUDGMENT.

22. All DOCUMENTS RELATING TO any COMMUNICATION between YOU or anyone acting on anyone on YOUR behalf and INSOLVENCY SERVICES, INC. RELATING TO the JUDGMENT.

23. All DOCUMENTS RELATING TO any COMMUNICATION between any of THE YORK ENTITIES or anyone on its behalf and INSOLVENCY SERVICES, INC. RELATING TO the JUDGMENT.

24. All DOCUMENTS RELATING TO any COMMUNICATION between YOU or on anyone acting on YOUR behalf and WEINBERG RELATING TO the JUDGMENT.

25. All DOCUMENTS RELATING TO any COMMUNICATION between any of THE YORK ENTITIES or on anyone on its behalf and WEINBERG RELATING TO the JUDGMENT.

26. All DOCUMENTS RELATING TO all agreements or contracts, including all drafts thereof, RELATING TO any sale or proposed sale of YOUR ASSETS.

27. All DOCUMENTS RELATING TO any pitch materials or marketing materials given to INSOLVENCY SERVICES, INC. or WEINBERG RELATING TO the ASSIGNMENT.

28. All DOCUMENTS RELATING TO any pitch materials or marketing materials received by YOU or anyone on YOUR behalf from INSOLVENCY SERVICES, INC. or WEINBERG RELATING TO the ASSIGNMENT.

29. All DOCUMENTS RELATING TO payments, proceeds, income or benefits received by YOU or anyone acting on YOUR behalf from the ASSIGNMENT.

30. All DOCUMENTS RELATING TO payments, proceeds, income or benefits given by YOU or anyone acting on YOUR behalf RELATING TO the ASSIGNMENT.

31. All DOCUMENTS RELATING TO marketing plans, or marketing strategies implemented or created for the purposes of the ASSIGNMENT.

32. All DOCUMENTS RELATING TO any offers made by any PERSON in connection with

the purchase of YOUR ASSETS.

33. All DOCUMENTS RELATING TO negotiations in connection with the purchase of YOUR ASSETS.

34. All audits of YOU from May, 2002 to present.

35. All DOCUMENTS RELATING TO salaries, stipends, fees, bonus, wages or other monetary consideration paid by YOU or on YOUR behalf from May, 2002 to present.

36. All DOCUMENTS RELATING TO salaries, stipends, fees, bonus, wages or other monetary consideration paid by any of THE YORK ENTITIES or on their behalf from May, 2002 to present.

37. All YOUR employment agreements with Tanya York from May, 2002 to present.

38. All employment agreements between any of THE YORK ENTITIES and Tanya York from May, 2002 to present.

39. All DOCUMENTS RELATING TO compensation paid by YOU or on YOUR behalf to Tanya York.

40. All DOCUMENTS RELATING TO compensation paid by any of THE YORK ENTITIES or on their behalf to Tanya York.

41. All audits of THE YORK ENTITIES from May, 2002 to present.

42. All DOCUMENTS RELATING TO any personal loan or advance made by Tanya York to YOU or for YOUR behalf from May, 2002 to present.

43. All DOCUMENTS RELATING TO any personal loan or advance made by YOU or on YOUR behalf to Tanya York from May, 2002 to present.

44. All DOCUMENTS RELATING TO repayment of any personal loan or advance made by Tanya York to YOU or for YOUR behalf from May, 2002 to present.

45. All DOCUMENTS RELATING TO repayment of any personal loan or advance made by YOU or on YOUR behalf to Tanya York from May, 2002 to present.

46. Al DOCUMENTS RELATING TO payment to any of YOUR creditors from May, 2002 to present.

47. All DOCUMENTS RELATING TO the DEBT owed to CLAYBORNE.

48. All DOCUMENTS RELATING TO appraisals and valuations of YOUR film library from May, 2002 to present.

49. All DOCUMENTS RELATING TO appraisals and valuations of YOUR accounts receivable from May, 2002 to present.

50. All DOCUMENTS RELATING TO appraisals and valuations of YOUR ASSETS from May, 2002 to present.

51. All DOCUMENTS RELATING TO any COMMUNICATION between YOU or anyone acting on YOUR behalf and any appraiser from May, 2002 to the present RELATING TO YOUR ASSETS.

52. All DOCUMENTS RELATING TO any COMMUNICATION between YOU or anyone acting on YOUR behalf and any appraiser from May, 2002 to the present RELATING TO YOUR DEBTS.

53. All DOCUMENTS RELATING TO solicitation of bids from may, 2002 to the present of YOUR ASSETS.

54. All DOCUMENTS RELATING TO COMMUNICATIONS by or on behalf of any of THE YORK ENTITIES RELATING TO the purchase of YOUR ASSETS.

55. All COMMUNICATIONS to YOUR creditors RELATING TO the ASSIGNMENT.

56. All COMMUNICATIONS to YOUR creditors RELATING TO their right to submit bids for YOUR ASSETS.

57. All valuations of YOUR ASSETS from May, 2002 to the present conducted by or provided to INSOLVENCY SERVICES, INC.

58. All valuations of YOUR ASSETS from May, 2002 to the present conducted by or provided to WEINBERG.

59. All COMMUNICATIONS between YOU or anyone acting on YOUR BEHALF and INSOLVENCY SERVICES, INC. RELATING TO any potential avoidance action.

60. All COMMUNICATIONS between YOU or anyone acting on YOUR BEHALF and WEINBERG RELATING TO any potential avoidance action.

61. All COMMUNICATIONS between YOU or anyone acting on YOUR BEHALF and any of THE YORK ENTITIES RELATING TO any potential avoidance action.

62. All COMMUNICATIONS RELATING TO the preparation of the Statement of Financial Condition (as of November 8, 2004) by INSOLVENCY SERVICES, INC.

63. All claims submitted to YOU or anyone acting on YOUR behalf RELATING TO the ASSIGNMENT.

64. All claims submitted to INSOLVENCY SERVICES, INC. or anyone acting on its behalf RELATING TO the ASSIGNMENT.

65. All claims submitted to WEINBERG or anyone acting on his behalf RELATING TO the ASSIGNMENT.

66. All minutes of meetings of YOUR officers, directors, shareholders or members from May, 2002 to the present.

67. All minutes of meetings of the officers, directors, shareholders or members of any of THE YORK ENTITIES from May, 2002 to the present.

68. All Certificates of ownership issued to YOUR officers, directors, shareholders or members.

69. All Certificates of ownership issued to the officers, directors, shareholders or members of any of THE YORK ENTITIES.

70. All YOUR financial statements for the period including May, 2002 to the present.

71. All financial statements of any of THE YORK ENTITIES for the period including May, 2002 to the present.

72. All YOUR income and expense reports for the period including May, 2002 to the present.

73. All income and expense reports of any of THE YORK ENTITIES for the period including May, 2002 to the present.

74. All YOUR balance sheets for the period including May, 2002 to the present.

75. All balance sheets of any of THE YORK ENTITIES for the period including May, 2002 to the present.

76. All YOUR profit and loss statements for the period including May, 2002 to the present.

77. All profit and loss statements of any of THE YORK ENTITIES for the period including May, 2002 to the present.

78. All YOUR books and records for the period of May, 2002 to the present.

79. All books and records of any of THE YORK ENTITIES for the period of May, 2002 to the present.

80. All YOUR Federal and State income tax returns filed by or on YOUR behalf for the period including May, 2002 to the present.

81. All Federal and State income tax returns of any of THE YORK ENTITIES filed by them or on their behalf for the period including May, 2002 to the present.

82. All DOCUMENTS RELATING TO any loan made by any PERSON or entity to YOU or for YOUR benefit from May, 2002 to the present.

83. All DOCUMENTS RELATING TO any loan made by or on YOUR behalf to any PERSON or entity from May, 2002 to the present.

84. All DOCUMENTS which identify any personal property presently owned in whole or in part by YOU.

85. All DOCUMENTS which identify any personal property presently owned in whole or in part by any of THE YORK ENTITIES.

86. All DOCUMENTS which identify real property owned by YOU, or in which YOU have or had an equitable or legal interest for the period including May, 2002 to the present, including, but not limited to deeds, certificates of title, bills of sale, or receipts.

87. All DOCUMENTS which identify real property owned by any of THE YORK ENTITIES, or in which any of THE YORK ENTITIES have or had an equitable or legal interest for the period including May, 2002 to the present, including, but not limited to deeds, certificates of title, bills of sale, or receipts.

88. All deeds, conditional sales contracts, title policies and homesteads as to all real property in which YOU have or had an interest from May, 2002 to the present.

89. All deeds, conditional sales contracts, title policies and homesteads as to all real property in which any of THE YORK ENTITIES have or had an interest from May, 2002 to the present.

90. All charge account cards held in YOUR name from May, 2002 to present.

91. All charge account cards held in the name of any of THE YORK ENTITIES from May, 2002 to present.

92. All social security and taxpayer ID numbers YOU have used from May, 2002 to the present.

93. All social security and taxpayer ID numbers which any of THE YORK ENTITIES have used from May, 2002 to the present.

94. Registration certificates for all vehicles, boats, vessels and airplanes registered in YOUR name or any of YOUR business names or on YOUR behalf.

95. Registration certificates for all vehicles, boats, vessels and airplanes registered in the name of any of THE YORK ENTITIES or any of their business names or on their behalf.

96. YOUR most recent quarterly Federal Withholding return, Federal Insurance Contribution Act and quarterly State Disability Insurance return.

97. All DOCUMENTS RELATING TO YOUR interests in any limited partnership from May, 2002 to present.

98. All DOCUMENTS RELATING TO any of THE YORK ENTITIES' interests in any limited partnership from May, 2002 to present.

99. All DOCUMENTS RELATING TO YOUR interests in any mutual fund from May, 2002 to present..

100. All DOCUMENTS RELATING TO any of THE YORK ENTITIES' interests in any mutual fund from May, 2002 to present.

101. All stock certificates and securities held by YOU from May, 2002 to present.

102. All stock certificates and securities held by any of THE YORK ENTITIES from May, 2002 to present.

103. All statements from stock brokers, brokerage houses, investment institutions received by YOU RELATING TO YOUR accounts from May, 2002 to present.

104. All statements from stock brokers, brokerage houses, investment institutions received by YOU RELATING TO accounts of any of THE YORK ENTITIES from May, 2002 to present.

105. All DOCUMENTS RELATING TO records of commodities traded by YOU or on YOUR behalf.

106. All DOCUMENTS RELATING TO records of commodities traded by any of THE YORK ENTITIES or on their behalf.

107. All DOCUMENTS RELATING TO bonds, both public and government owned by YOU or in which YOU had or have an interest from May, 2002 to the present.

108. ALL notes, drafts, bills of exchange, or other commercial paper owned by YOU or in which YOU have an interest.

109. All records of patents, inventions, trade names, trademarks, or copyrights owned by YOU of in which YOU had or have an interest from May, 2002 to the present.

110. All records of patents, inventions, trade names, trademarks, or copyrights owned by YOU of in which any of THE YORK ENTITIES had or have an interest from May, 2002 to the present.

111. All DOCUMENTS RELATING TO YOUR property which has been pawned from May, 2002 to present.

112. All records of any joint venture, partnership, affiliation. LLP, LLC or other business or corporate affiliation YOU have entered into from May, 2002 to present.

113. All records of any joint venture, partnership, affiliation. LLP, LLC or other business or corporate affiliation any of THE YORK ENTITIES have entered into from May, 2002 to present.

114. All lease agreements, both on personal and real property of which YOU are or have been obligated from May, 2002 to present.

115. All lease agreements, both on personal and real property of which any of THE YORK ENTITIES are or have been obligated from May, 2002 to present.

116. All Life Insurance policies on the life of Tanya York.

117. All key man policies of insurance on Tanya York.

118. All DOCUMENTS RELATING TO any loan taken out of any insurance policy on Tanya York, YOU or any of THE YORK ENTITIES.

119. All trusts, wills or records of estate in which YOU are or have been the beneficiary.

120. All trusts, wills or records of estate in which any of THE YORK ENTITIES are or has been the beneficiary.

121. All YOUR trusts, wills or records of estate.


122. All security contracts and financing statements on property held by YOU or for YOUR benefit in which YOU still have an interests or had an interest from May, 2002 to the present.

123. All security contracts and financing statements on property held by any of THE YORK ENTITIES or for their benefit in which there is a current interests or an interest from May, 2002 to the present.

124. All DOCUMENTS of pensions, retirement plans, annuities or profit sharing plans in which YOU have or had an interest from May, 2002 to present.

125. All DOCUMENTS of pensions, retirement plans, annuities or profit sharing plans in which any of THE YORK ENTITIES have or had an interest from May, 2002 to present.

126. All loan applications made by YOU or on YOUR behalf from May, 2002 to present.

127. All DOCUMENTS evidencing lawsuits filed by or on YOUR behalf from May, 2002 to present.

128. All DOCUMENTS evidencing lawsuits filed by or on behalf of any of THE YORK ENTITIES from May, 2002 to present.

129. All DOCUMENTS evidencing lawsuits filed against YOU from May, 2002 to present.

130. All DOCUMENTS evidencing lawsuits filed against any of THE YORK ENTITIES from May, 2002 to present.

131. All powers of attorney held by YOU or on YOUR behalf.

132. All powers of attorney held by any of THE YORK ENTITIES or on their behalf.

133. All DOCUMENTS RELATING to the filing of fictitious names by YOU or on YOUR behalf.

134. All DOCUMENTS RELATING to the filing of fictitious names by any of THE YORK ENTITIES or on their behalf.

135. All DOCUMENTS RELATING TO any Interlocutory Judgment where YOU are or have been either the Petitioner or Respondent.

136. All DOCUMENTS RELATING TO any Interlocutory Judgment where any of THE YORK ENTITIES are or has been either the Petitioner or Respondent.

137. All DOCUMENTS RELATING TO any IRA in which YOU or anyone on YOUR behalf has or had an interest from May, 2002 to present.

138. All DOCUMENTS RELATING TO any IRA in which THE YORK ENTITIES or anyone on their behalf has or had an interest from May, 2002 to present.

139. All DOCUMENTS RELATING TO YOUR interests in any of THE YORK ENTITIES.

140. All DOCUMENTS RELATING TO payment or transfers of money between YOU and any of THE YORK ENTITIES from May, 2002 to present.

141. All DOCUMENTS RELATING TO transfer of any ASSET between YOU or anyone acting on YOUR behalf and any of THE YORK ENTITIES from May, 2002 to present.

142. All press releases RELATING TO YOU from May, 2002 to present.

143. All press releases RELATING TO any of THE YORK ENTITIES from May, 2002 to present.

144. All DOCUMENTS RELATING TO all agreements or contracts, including all drafts thereof, RELATING TO any sale or proposed sale of YOUR ASSETS.